UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION
Case No. 07-14248-CV-GRAHAM/LYNCH

FAUX EFFECTS INTERNATIONAL,
INC., a Florida corporation,

      Plaintiff,

vs.

SELKIRK PAINTING COMPANY, INC.,
a foreign corporation d/b/a
SELKIRK, INC. d/b/a THE FAUX
STORE,

      Defendant.

_____/

**CLOSED
CIVIL
CASE**

## DEFAULT FINAL JUDGMENT AND PERMANENT INJUNCTION

**THIS CAUSE** comes before the Court upon Plaintiff's Motion for entry of Default Final Judgment Against Defendant [D.E. 10].

**THE COURT** has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

### I. BACKGROUND

On August 14, 2007, Plaintiff Faux Effects International Inc., a Florida corporation, filed a complaint against Defendant Selkirk Painting Company Inc. ("Selkirk"), a foreign corporation. [See D.E. 1.] The Complaint includes three counts including (i) trademark infringement; (ii) false designation of origin and unfair competition; and (iii) unfair competition in violation of Florida common law. [See D.E. 1.] Through explicit correspondence and prior to the commencement of legal proceedings, Plaintiff put Defendant on notice concerning the allegations in the Complaint

[D.E. 10-2]. Pursuant to Federal Rule of Civil Procedure 4(d), on or about August 15, 2007, Plaintiff sought a waiver of formal service of process from Defendant. [See D.E. 10-2 at 15.] Defendant did not accept Plaintiffs request for waiver of formal service of process. [See D.E. 10-2 at 1-2.]

On September 27, 2007, pursuant to the Hague Convention, Plaintiff effectuated service of process on Defendant. [See D.E. 5-2]. On October 29, 2007, the Clerk of the Court entered a Clerk's Default against the Defendant for failure to appear, answer, or otherwise respond to the Complaint. [See D.E. 8.] Thereafter, Plaintiff filed the instant Motion for Default Final Judgment seeking a permanent injunction.

## II. LAW AND DISCUSSION

### A.  Jurisdiction over the Defendant

Based on the alleged facts, this Court must first address the issue of personal jurisdiction.[1]   According to the Complaint [D.E. 1], Defendant is a foreign corporation that advertises and does business in the United States. [See D.E. 1 ¶ 5.] Plaintiff also alleges that this Court has personal jurisdiction over the Defendant pursuant to Florida statute sections 48.193(1)(a), (b) and (2).  Id. ¶ 6.  Section 48.193(1)(a), provides, in pertinent part that any person operating, conducting, engaging in or carrying

---

[1]  The Court has subject matter jurisdiction pursuant to, inter alia, 15 U.S.C. §§ 1116 and 1121 as well as 28 U.S.C. §§ 1331.

business in the state submits to the jurisdiction of Florida's courts. Fla. Stat. § 48.193(1)(a). Similarly, under section 48.193(1)(b), anyone who commits a tortious act within Florida is also subject to this Court's personal jurisdiction. Id. at § 48.193(1)(b). Lastly, personal jurisdiction is also where products, materials, or things processed, serviced or manufactured by the defendant anywhere were used or consumed within Florida in the ordinary course of commerce, trade or use. Id. at 48.193(2).

In this case, Plaintiff alleges that Defendant is operating, conducting, engaging in, or carrying on a business in the State of Florida. [See D.E. 1 ¶ 6.] Plaintiff further alleges that Defendant is engaged in substantial and not isolated activity within the State of Florida and that Defendant has committed a tortious act within the District. Id. The exhibits attached to the Complaint support Plaintiff's allegations concerning Defendant's internet advertisements as well as a brochure that appears to be circulated in the United States. [See D.E. 5-2.] Plaintiff has also submitted a Supplemental Memorandum in support of the motion for default judgment [D.E. 12] wherein Plaintiff provides ample evidence that Defendant maintains an interactive website that can be accessed by Florida residents and further identifies a Florida distributor of Defendant's products for United States customers. [See D.E. 12.]

3

Defendant has failed to answer or otherwise respond to the allegations and a Clerk' default has been entered.  By defaulting, Defendant has admitted the well-pleaded factual allegations in the Complaint. <u>Nishimatsu Constr. Co. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]  Accordingly, based on the record, the Court finds that it has personal jurisdiction over the Defendant.

**B.   Default Judgment and the Requirements of Foreign Service of Process**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> **(a) Entering a Default**.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk shall enter a party's default.

Fed. R. Civ. P. 55(a).   Further, Rule 55(b) sets forth the procedure for default judgment by the Court.   Rule 55(b)(2) provides, in relevant part,

> A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, committee, conservator, or other like fiduciary who has appeared.  If the party against whom judgment by default is sought has appeared personally or by representative, that party or its representative must be served with written notice of the application for judgment at least 3 days prior to the hearing.

Fed. R. Civ. P. 55(b)(2).

---

[2] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981 (<u>en</u> <u>banc</u>), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

"The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." Nishimatsu, 515 F.2d at 1206. "[A] default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Id.; see also 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 3688, at 63 (3d ed. 1998) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.").

In the instant matter, Defendant is a foreign corporation. Plaintiff served Defendant in compliance with the requirements of the Federal Rules of Civil Procedure and, specifically, the Hague Convention. Federal Rule of Civil Procedure 4(f) states that, "an individual . . . may be served at a place not within any judicial district of the United States . . . by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f). Plaintiff has filed a certificate indicating that the Complaint was served on Defendant in compliance with Article 6 of the Convention [D.E. 5-2]. The certificate notes that on September 27, 2007, in Manitoba, Canada, the Complaint was personally served on a Randy Alexander Selkirk, as Director/President of Selkirk Painting Co.

5

Ltd. [D.E. 5-2]. The evidence submitted to support service on the Defendant complies with the Hague Service Convention. See International Litigation, Defending and Suing Foreign Parties in U.S. Federal Courts, § 1.2 (David J. Levy, ed., ABA 2003) (containing the full requirements of service on foreign parties). Accordingly, the Court finds that service was properly effectuated on the foreign defendant.

As noted above, although Defendant was properly served, it failed to answer or otherwise respond to the Complaint. Therefore, Plaintiff may properly seek a default judgement, including injunctive relief.

## C.   The Appropriateness of a Permanent Injunction

A district court may grant injunctive relief to a Plaintiff if the moving party demonstrates: "(1) that he has prevailed in establishing the violation of the right asserted in his complaint; (2) there is no adequate remedy at law for the violation of this right; and (3) irreparable harm will result if the court does not order injunctive relief." Alabama v. U.S. Army Corps. of Engineers, 424 F.3d 1117, 1128 (11th Cir. 2005) (citing Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982)). Thus, the Court must consider the requisite test for a permanent injunction in light of the well-pleaded facts.

1.   *Establishing the Violation of
     the Right Asserted in the Complaint*

The Complaint alleges, in relevant part, two claims: trademark infringement and unfair competition. While these are distinct causes of action, they share tests with similar elements. Specifically, to prevail on the trademark infringement claim, Plaintiff must demonstrate that: "1) its mark was used in commerce by the defendant without the registrant's consent and 2) the unauthorized use was likely to cause confusion, or to cause mistake or deceive." <u>Burger King Corp. v. Mason</u>, 710 F.2d 1480, 1491 (11th Cir. 1983).

Similarly, with respect to the claim of unfair competition, Plaintiff must show, "1) that [plaintiff] had rights to the mark at issue and 2) that the defendant adopted a mark or name that was the same, or confusingly similar, to plaintiff's mark such that consumers were likely to confuse the two." <u>PetMed Express, Inc. v. MedPets.com, Inc.</u>, 336 F.Supp 2d 1213, 1218 (S.D. Fla. 2004) (<u>citing</u> <u>Planetary Motion, Inc. v. Techsplosion, Inc.</u>, 261 F.3d 1188, 1193 (11th Cir. 2001)).

Accepting the well-pleaded facts as true, Plaintiff FEI is the owner of a valid, registered trademark, including "The Faux Store" trademark.   [<u>See</u> D.E. 1 ¶ 12.]   Plaintiff registered "The Faux Store" mark  with the United States Patent and Trademark Office on or about July 25, 2006.   <u>Id.</u> ¶ 13.   The United States Patent and Trademark Office assigned the trademark registration No. 3,118,637.

Id. Defendant prominently displays "the faux store" in advertisements that appear in media of national circulation and on Defendant's internet website. Id. ¶¶ 19-24. The services indicated on the Defendant's website and brochure are identical to the services Plaintiff provides in connection with The Faux Store Mark. Id. Based on these facts, Plaintiff can establish the first prong of both the trademark infringement and unfair competition test, *i.e.*, that Plaintiff has right to the mark and that Defendant used Plaintiff's mark in commerce without Plaintiff's consent.

The second prong of the test is whether the use of such mark will likely cause confusion. To determine this, this Court must engage in the "likelihood of confusion" test. Exxon Corp. v. Texas Motor Exch., 628 F.2d 500, 504 (5th Cir. 1980). There are a number of factors that this court must consider when analyzing whether there is a likelihood of confusion between two marks. Among the factors are "the type of trademark, the similarity of design, the similarity of the product, the identity of retail outlets and purchasers, the similarity of advertising media used, defendant's intent, and actual confusion." John H. Harland Co. v. Clarke Checks, Inc., 711 F.2d 966, 972 (11th Cir. 1983) (citing Exxon, 628 F.2d at 504)). Here, Defendant's use of "the faux store" is confusingly similar to Plaintiff's mark in appearance, sound and connotation. Ultimately, taking the allegations in the Complaint

8

as true, there is sufficient evidence to find that Defendant's use of the registered trademark presents a likelihood of confusion.

2.    *There is no Adequate Remedy at law for the Violation and Irreparable Harm Will Result*

The Court must next consider that for Plaintiff to obtain a permanent injunction, it must establish the final two prongs: that there is no adequate remedy at law and that irreparable harm will result if the injunction is not issued. "It is generally recognized in trademark infringement cases that (1) there is not adequate remedy at law to redress infringement and (2) infringement by its nature causes irreparable harm." <u>Tally-Ho, Inc. v. Coast Community Coll. Dist.</u>, 889 F.2d 1018, 1029 (11th Cir. 1989) (<u>citing Processed Plastic Co. v. Warner Commc'ns.</u>, 675 F.2d 852, 858 (7th Cir. 1982)). In this case, accepting the allegations in the Complaint as true, Plaintiff has demonstrated that it has no adequate remedy at law. Plaintiff has also shown that it will suffer irreparable harm if the Court does not provide injunctive relief because, without the entry of a permanent injunction preventing Defendant from using any colorable imitation of Plaintiff's mark, Plaintiff will lose its ability to control the nature and quality of the goods provided under its registered mark. Accordingly, Plaintiff satisfies the final two requirements necessary to issue a permanent injunction.

### III. CONCLUSION

Based upon the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Default Judgment [D.E. 10] is **GRANTED**. Judgment by default pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure is hereby entered in favor of the Plaintiff and against the Defendant. It is further

**ORDERED AND ADJUDGED** that Selkirk, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it, who receive actual notice of this Order by personal service or otherwise, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from:

1.    Using in any way The Faux Store Trademark or any colorable imitation thereof, including without limitation, using such marks in advertising and/or interactive websites on the Internet that is accessible to consumers within the United States or in advertising appearing in publications circulated within the United States;

2.    Making any false designation of origin, description, representation or suggestion that FEI is the source, sponsor or in any way affiliated with Selkirk, its websites, or its services;

3.    Acting  in  any  manner  which  causes  Selkirk's products,  services,  or  website  to  be  in  any  way associated with FEI, including without limitation using the term "THE FAUX STORE" in connection with its website and/or advertising.  It is further

**ORDERED AND ADJUDGED** that pursuant to Fed.R.Civ.P. 65, this Order  shall  be  binding  upon  Selkirk  and  any  person(s)  or entity(ies) acting in concert with Selkirk who receives a copy of this Order.  It is further

**ORDERED AND ADJUDGED** that the Court shall retain jurisdiction for the purpose of enforcing this Order to the extent permitted by law and the applicable Rules of Federal Civil Procedure.  It is further

**ORDERED AND ADJUDGED** that Plaintiff shall immediately provide Defendant with a copy of this Order via certified mail.  It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED** and any pending motions are **DENIED** as moot.  In addition,

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of September, 2008.

           DONALD L. GRAHAM
           UNITED STATES DISTRICT JUDGE

cc:  Counsel of Record